FRANCES BURNS, Respondent, v. HENRY T. BURNS, Appellant.— Order amending the final decree of divorce, modified as follows: By striking out the word " week-end " from the second decretal paragraph of the judgment, as amended (fol. 20), and substituting in place thereof the word " Sunday." By striking out the last sentence, lines 3 to 5 of folio 21. By striking out all of the said decretal paragraph following the words " Christmas vacations " (fol. 22, line 6), and substituting in place thereof the following: " each party shall have the custody of the children during half of each of the said vacation periods. That the defendant, Henry T. Burns, shall pay for the maintenance and support of the children, the school tuition, expenses of medical care, nursing and hospitalization of said children and all necessary clothing; and it is further." As thus modified the order is unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

STEPHEN CALLAGHAN, Respondent, v. GEORGE W. ROGERS and WILLIAM LA VARRE, Respondents, and CECIL B. RUSKAY, Appellant.— Action of interpleader brought to determine which of two claimants was entitled to the balance of a certain fund in the hands of the plaintiff. Judgment declaring the balance of the fund to belong to defendant Rogers unanimously affirmed, with costs. There is no proof in this record that the document dated February 24, 1938, on which Rogers' claim is founded, was not executed and delivered on that day. There is proof that it was so executed and delivered, which proof the referee was free to credit and this court may not disturb that finding. (*Boyd* v. *Boyd*, 252 N. Y. 422.) There is no proof upon which a finding might be predicated that there was an oral assignment of the balance of the fund in question to Ruskay on February 16, 1938, or on any day prior to February 25, 1938. The testimony invoked by Ruskay of the two witnesses who gave the details of the agreement of settlement of the Ruskay action discloses that there was no oral assignment, but merely an agreement to get a written assignment, which assignment was obtained on February 25, 1938. The credible evidence discloses that La Varre at no time informed his attorney or the latter's associate that he had assigned the funds to Rogers prior to his signing the February 25, 1938, assignment to Ruskay. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

PETER DEPIPPA, Respondent, v. M. V. T. CORPORATION, Appellant.— Order of the City Court of Mount Vernon, denying defendant's motion to review the taxation of costs, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.